UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JON HANSON, Individually and On Behalf of All Others Similarly Situated, | No. 1:13-CV-67 |
| Plaintiff, | LRR |
| v. | |
| BERTHEL FISHER & COMPANY FINACIAL SERVICES, INC., and THOMAS JOSEPH BERTHEL | JSS |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION**

Pursuant to F.R.C.P. 23(a) and 23(b)(3), Plaintiff moves to certify the following class pending class discovery:

> All persons and entities that purchased, subscribed and paid for, or otherwise acquired securities in the TNP 2008 Scheme pursuant to the TNP 2008 Scheme offering between December 2008 and March 2010.

Excluded from the class are: (1) any individuals who signed an agreement with Berthel Fisher pursuant to which they must arbitrate claims against Berthel Fisher, arising out of the sales of TNP 2008 Scheme notes, in FINRA arbitration; (2) Defendants; any judge or judicial officer who may hear any aspect of this case and his or her law clerks; and (3) any person, firm, trust, corporation, or other entity related to or affiliated with Defendants.

Plaintiff is filing his Motion for Class Certification to protect his rights and the rights of putative class members in light of the Seventh Circuit's ruling in *Damasco v. Clearwire Corp.*[1] where plaintiff's failure to file a class-certification motion along with his complaint allowed defendant to moot his─*and the class's*─claims for lack of Article III standing. In particular, while Damasco eventually moved for class certification, he did not do so until after Clearwire had offered him his full request for relief.

---

[1] 662 F.3d 891 (7th Cir. 2011).

Clearwire then removed Damasco's case to federal court where Clearwire moved to dismiss it, arguing that its offer had mooted Damasco's claim.[2] The district court agreed, dismissing Damasco's complaint and later denying his motion to reconsider.[3]

Emphasizing Article III's mootness doctrine, which demands that the parties to a federal case maintain a personal stake in the outcome at all stages of the litigation,[4] the Seventh Circuit pronounced that—despite Damasco's case having been a class action—Clearwire's individual settlement offer nevertheless stripped Damasco of his personal stake in the case's outcome and rendered his claim moot—this, despite the court's acknowledged concerns about "buy-offs"[5] and multiple courts' agreement that individual offers of judgment do *not* moot class claims.[6] Indeed, even the U.S. Supreme Court, in *Roper v. Deposit Guar. National Bank v. Roper*,[7] expressed disfavor with the notion that individual settlement offers moot a class:

> [T]he defendant has made an *unaccepted* offer of tender in settlement of the individual putative representative's claim. The action is moot in the Art. III sense only if this Court adopts a rule that an individual seeking to proceed as a class representative is required to accept a tender of only his individual claims. So long as the court does not require such acceptance, the individual is required to prove his case and the requisite Art. III adversity continues. Acceptance need not be mandated under our precedents since the defendant has not offered all that has been requested in the complaint (i.e., relief for the class) and

---

[2] *Id.* at 893.
[3] *Id.*
[4] *Id.* at 895.
[5] *Id.*
[6] *Id. See also, Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action."); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) ("[W]e conclude that the federal court's Article III jurisdiction to hear the motion for class certification is not extinguished by the Rule 68 offer of judgment to an individual plaintiff."); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920-21 (5th Cir. 2008) ("If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot."); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) ("[W]here a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.").
[7] 445 U.S. 326 (1980).

any other rule would give the defendant the practical power to make the denial of class certification questions unreviewable.[8]

Acknowledging the harshness behind what it believed was a proper textual analysis, the Seventh Circuit also instructed that to avoid an unfair dismissal arising from defendant's buy-off, "[c]lass-action plaintiffs [need merely] move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs."[9] And to the extent that this solution would provoke plaintiffs to move for certification prematurely, meaning before they have fully developed or discovered the facts necessary to obtain certification, the court instructed that "if the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."[10] After all, despite the court's ruling, courts "must [still] engage in a 'rigorous analysis'—sometimes probing behind the pleadings before ruling on certification,"[11] which analysis necessarily cannot happen until sufficient discovery occurs.[12]

To be sure—and despite the foregoing—this is most assuredly *not* the law in the Eighth Circuit. But Plaintiff is mindful that this was not the law in the Seventh Circuit either until the *Damasco* court's ruling. So to guard against the possibility that *Damasco's* consequence might somehow become applicable here (through this or another court's eventual ruling), Plaintiff, in an abundance of caution, is taking the steps that *Damasco* prescribed to prevent the possibility (albeit remote) that Defendant might successfully move to dismiss its case on *Damasco's* same basis. So consistent with *Damacso's* pronouncement, Plaintiff asks this Court "to delay its [class-certification] ruling to provide time for additional discovery or investigation"[13] so that Plaintiff can present its best case for class certification to this Court. To this end, Plaintiff intends to agree with defense counsel on a suitable discovery and

---

[8] *Id.* at 341 (Rehnquist, J., concurring) (emphasis in original).
[9] *Id.* at 896.
[10] *Id.*
[11] *Id.*
[12] *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011).
[13] *Damasco,* 662 F.3d at 896.

3

briefing schedule, subject to the Court's approval.

Similarly consistent with *Damasco,* Plaintiff seeks certification of the above-described class for the following reasons:

1. The class satisfies all of the statutory prerequisites for class certification.

2. The members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable. While the exact number of Class members remains unknown at this time, reports filed by the TNP 2008 Scheme with the Securities and Exchange Commission indicate there are in excess of two hundred members of the proposed class. The exact number of the TNP 2008 Scheme investors is within the knowledge of Defendants.[14] In discovery, Plaintiff will determine the precise scope of the class.

3. There are common questions of law and fact in this class action that relate to and affect the rights of each member of the Class,[15] including, *inter alia*:

> (a) Whether Berthel Fisher, acting in its capacity of underwriter of the TNP 2008 Scheme, intentionally and/or negligently misrepresented and omitted risks associated with the securities issued by the TNP 2008 Scheme in the TNP 2008 PPM, which was provided to each Class member;
>
> (b) Whether Berthel Fisher, in its capacity of underwriter of the TNP 2008 Scheme, had a duty to the members of the Class;
>
> (c) Whether Berthel Fisher, in its capacity of underwriter of the TNP 2008 Scheme, breached duties owed to Plaintiff and the Class by failing to conform its conduct to the requirements of the law and applicable regulations;
>
> (d) Whether statements or omissions in the TNP 2008 PPM misrepresented material facts about the TNP 2008 Scheme and/or TNP;
>
> (e) Whether Berthel was Berthel Fisher's control person at all relevant times;
>
> (f) Whether Berthel, in its capacity of control person of Berthel Fisher, is liable to the members of the Class for Berthel Fisher's misconduct;

---

[14] *See* F.R.C.P. 23(a)(1).
[15] *See* F.R.C.P. 23(a)(2), (b)(3).

4

(g) Whether Defendants' misconduct entitles Plaintiffs and members of the Class to rescission and/or damages for the loss of the amounts invested by Plaintiffs and members of the Class;

(h) What remedies are appropriate compensation for the damages caused to Plaintiffs and each member of the Class; and

(i) Whether the Plaintiffs and members of the Class are entitled to a reasonable award of attorneys' fees, interest and costs of suit.

4. Plaintiff will adequately represent and protect the interests of the Class and has no interests that conflict with or are antagonistic to the interests of the Class. Plaintiff has retained attorneys who are experienced and capable of prosecuting complex litigation such as this case. The attorneys for Plaintiff and the Class will actively conduct and be responsible for the prosecution of this litigation and the expenses thereof. The attorneys for Plaintiff have adequate resources, experience and commitment to litigate this matter[16]

5. The claims of Plaintiff are typical of the claims of all Class members. Plaintiff is situated identically to all members of the Class with respect to the issues presented in this case, as Plaintiff and all members of the Class were investors in the TNP 2008 Scheme and suffered the exact same loss (in proportion to the amount of their investment). The claims of Plaintiff are based on the same fundamental factual allegations and legal theories as the claims of all other members of the Class. All investors in the TNP 2008 Scheme have been adversely affected by the wrongdoing of Defendants as described in Plaintiff's First Amended Complaint.[17]

6. A class action is superior to any other method available for the fair and efficient adjudication of this controversy because it would be impractical and undesirable for each of the individual Class members who have suffered damages to bring separate actions. Some investors invested amounts in the TNP 2008 Scheme that would make it impracticable for them to litigate individualized securities fraud cases concerning this matter. Moreover, the common issues identified in Plaintiff's First Amended Complaint predominate over individual issues, if any, particular to each class

---

[16] F.R.C.P. 23(a)(4).

member. Defendants made uniform misrepresentations and were responsible for uniform omissions with respect to each member of the Class and each member of the Class was injured in exact proportion to the amount of their investment in the TNP 2008 Scheme.

On account of the foregoing, Plaintiff respectfully requests that this Honorable Court enter an order certifying the class described, appointing Plaintiff as class representative and its counsel as class counsel, and ordering all further relief as the Court deems appropriate but only *after* Plaintiff has completed the discovery necessary for drafting a more expressive class-certification motion and supporting memorandum for the Court's consideration.

Dated: May 30, 2014                                         Respectfully submitted,

 */s/ J. Barton Goplerud*
J. Barton Goplerud (AT0002983)
**HUDSON, MALLANEY, SHINDLER & ANDERSON, PC**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
E-mail: jbgoplerud@hudsonlaw.net

Alan L. Rosca (*pro hac vice*)
**PEIFFER, ROSCA, ABDULLAH, CARR & KANE, LLC**
526 Superior Avenue, Suite 1255
Cleveland, Ohio 44114
Telephone: (216) 570-0097
Facsimile: (888) 411-0038
E-mail: arosca@praclawfirm.com

Joseph C. Peiffer (*pro hac vice*)
Daniel J. Carr (*pro hac vice*)
**PEIFFER, ROSCA, ABDULLAH, CARR & KANE, LLC**
201 St. Charles Avenue, Suite 4610
New Orleans, Louisiana 70170
Telephone: (504) 523-2434
Facsimile: (504) 523-2464
E-mail: jpeiffer@praclawfirm.com
E-mail: dcarr@praclawfirm.com

*Attorneys for Plaintiff and the Proposed*