UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JON HANSON, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BERTHEL FISHER & COMPANY FINACIAL SERVICES, INC. <br><br> Defendant. | No. 1:13-CV-67 <br><br> **LRR/JSS** <br><br> **PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION** |

Given the uncertainty created by potentially emerging jurisprudence in this area of the law, Plaintiff has taken the prudent course of action and has followed the instructions set forth by the Seventh Circuit in the *Damasco* case, *i.e.*, to file a motion for class certification and ask the court "to delay its ruling to provide time for additional discovery or investigation."[1]

Within days after this Court's Order denying Defendant's Motion to Dismiss as to most claims, Plaintiff, through counsel, has proceeded to confer with Defendant's counsel regarding a proposed Rule 26 Scheduling Order and Discovery Plan. The parties have held two telephonic conferences and Plaintiff has circulated a proposed draft which includes deadlines for the class certification motion practice and discovery on both class certification and the merits of the case. Given that much of the evidence is documentary in nature, Plaintiff and his counsel intend to conduct discovery expeditiously and expect to be ready to submit their evidence in support of class certification by early next year.

Certainly, Plaintiff has not asked the Court to take action at some "indeterminate" or

---

[1] *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. Ill. 2011).

"uncertain" time in the future, but early next year, as soon as he assembles the evidence in support of class certification. Plaintiff has not asked the Court for an advisory opinion – and certainly has not asked the Court not to do anything, as Defendant contends. Rather, Plaintiff has asked the Court to enter an order certifying the class, but after he has submitted the evidence required for the Court's "rigorous analysis." This is precisely what the Seventh Circuit instructed plaintiffs to do in *Damasco*.

*Damasco* set forth a minority rule and an exception to that rule. The minority rule[2] is that a Rule 68 full offer of judgment to a putative class representative, made before a motion for class certification has been filed, moots not just the class representative's claims but the entire class action. *See Damasco*, 662 F.3d at 895-96. The exception – or rather, the *Damasco* court's prescription for avoiding the application of that rule – is that, if the class representative moves for class certification as soon as the case is filed, a full offer of judgment to the class representative does not moot the entire class. *See Id*. at 895.

Insofar as Defendant seeks to challenge the instructions prescribed by *Damasco* while at the same time availing itself of the "full offer of judgment" rule set forth by *Damasco*, Defendant improperly seeks to have its cake and eat it too. Either *Damasco* is good law both where it holds that a full offer of judgment to the class representative moots a class action *and* where it holds that an early motion for class certification with a request to delay the ruling precludes such an offer of judgment – or *Damasco* is not good law at all, and a full offer of judgment to the putative class representative does not moot the class action.

---

[2] *Damasco* has not been adopted in circuits other than the Seventh Circuit. A number of circuits have not adopted the approach of *Damasco*, including the Ninth Circuit (*see* P*itts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091-92 (9th Cir.2011)), the Tenth Circuit (*Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249-50 (10th Cir.2011)), the Fifth Circuit (Sandoz v. Cingular Wireless LLC, 553 F.3d 913, 920-21 (5th Cir.2008)), and the Third Circuit (Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir.2004)).

Indeed, the very cases offered as support by Defendant undermine its position: in those cases, the courts declined to follow the *Damasco* exception regarding an early motion for class certification – but this is because the courts declined to adopt the *Damasco* minority rule in the first place. In *3081 Main St.*, for example, the District of Connecticut held that, in the Second Circuit, an unaccepted Rule 68 offer of judgment does not moot a class action, hence there is no need for a *Damasco* motion for class certification:

> I need not pass upon the merits of the Damasco decision; suffice it to say that the Second Circuit has never adopted such a rule and at least four other circuits have reached the opposite conclusion. *See Pitts v. Terrible Herbst, Inc*., 653 F.3d 1081,1091-92 (9th Cir. 2011) ("[W]e hold that an unaccepted Rule 68 offer of judgment—for the full amount of the named plaintiff's individual claim and made before the named plaintiff files a motion for class certification—does not moot a class action.").

*3081 Main St. LLC v. Business Owners Liab. Team LLC*, 2012 U.S. Dist. LEXIS 136402, 3-4, 2012 WL 4755048 (D. Conn. Sept. 24, 2012). Similarly, the *Beaudry* case, submitted by Defendants in support of its Resistance, cited with approval the *Weiss v. Regal Collection* case, in which the Third Circuit allowed a class plaintiff whose individual claim was mooted by a Rule 68 offer to nonetheless pursue a motion for class certification on behalf of the class. *See Beaudry v. Telecheck Servs.*, Inc., No. 3:07-cv-0842, 2010 WL 2901781, at *6-8 (M.D. Tenn. July 2010) (citing *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004)).

Thus, Defendant has provided this court with no authority that would justify a ruling that dismisses Plaintiff's class certification motion as premature *and* upholds the applicability of the *Damasco* rule, such that a full offer of judgment will moot this putative class action. Indeed, such a ruling would be inherently unfair and would allow defendants to "pick off" representative plaintiffs and thwart class actions, without providing plaintiffs an opportunity to avoid that fate. Such a ruling would contravene all of the relevant case law on this issue,

3

including *Damasco*, *Beudry*, and *Weiss*, all of which recognize that a representative plaintiff can avoid an involuntary resolution of its putative class action through a Rule 68 offer, either because the *Damasco* rule does not apply in the first instance, or because an early motion for class certification provides an exception to that rule.

Accordingly, had Defendant conceded that an unaccepted Rule 68 offer of judgment does not moot a class action – as held by the very cases upon which Defendant relies – Plaintiff would have readily conceded that a *Damasco* motion for class certification is not necessary in this case. Defendant, however, ought not be allowed to have it both ways, that is, to avail itself of the of the *Damasco* rule by attempting to moot the class action through a Rule 68 offer of judgment to the class representative,[3] while at the same time challenging the *Damasco* exception, which allows a class representative to avoid such an attempt to involuntarily moot the class action.

Likewise, if this Court is inclined to reject the *Damasco* minority rule and hold that a Rule 68 offer of full judgment to the class representative does not moot the entire class action, then Plaintiff concedes that its Motion is unnecessary. If, on the other hand, the Court is inclined to adopt the *Damasco* minority rule and hold that a Rule 68 offer of full judgment to the class representative moots the entire class action, then Plaintiff respectfully requests that this Court also follow the *Damasco* exception and defer a ruling on Plaintiff's Motion until after Plaintiff has completed the discovery necessary for drafting a more expressive class-certification motion and supporting memorandum for the Court's consideration.

---

[3] Given Defendant's assertion, in its Resistance to Plaintiff's "*Damasco*" motion, that Plaintiff is attempting "to prevent [Defendant] from exercising any rights it might have under the Federal Rules of Civil Procedure," it is not unconceivable that Defendant is indeed contemplating mooting the class action through a Rule 68 offer of judgment by availing itself of *Damasco*.

4

including *Damasco*, *Beudry*, and *Weiss*, all of which recognize that a representative plaintiff can avoid an involuntary resolution of its putative class action through a Rule 68 offer, either because the *Damasco* rule does not apply in the first instance, or because an early motion for class certification provides an exception to that rule.

Accordingly, had Defendant conceded that an unaccepted Rule 68 offer of judgment does not moot a class action – as held by the very cases upon which Defendant relies – Plaintiff would have readily conceded that a *Damasco* motion for class certification is not necessary in this case. Defendant, however, ought not be allowed to have it both ways, that is, to avail itself of the of the *Damasco* rule by attempting to moot the class action through a Rule 68 offer of judgment to the class representative,[3] while at the same time challenging the *Damasco* exception, which allows a class representative to avoid such an attempt to involuntarily moot the class action.

Likewise, if this Court is inclined to reject the *Damasco* minority rule and hold that a Rule 68 offer of full judgment to the class representative does not moot the entire class action, then Plaintiff concedes that its Motion is unnecessary. If, on the other hand, the Court is inclined to adopt the *Damasco* minority rule and hold that a Rule 68 offer of full judgment to the class representative moots the entire class action, then Plaintiff respectfully requests that this Court also follow the *Damasco* exception and defer a ruling on Plaintiff's Motion until after Plaintiff has completed the discovery necessary for drafting a more expressive class-certification motion and supporting memorandum for the Court's consideration.

---

[3] Given Defendant's assertion, in its Resistance to Plaintiff's "*Damasco*" motion, that Plaintiff is attempting "to prevent [Defendant] from exercising any rights it might have under the Federal Rules of Civil Procedure," it is not unconceivable that Defendant is indeed contemplating mooting the class action through a Rule 68 offer of judgment by availing itself of *Damasco*.

4

Dated: June 26, 2014                                    Respectfully submitted,

　                                                      */s/ J. Barton Goplerud*
                                                        J. Barton Goplerud (AT0002983)
                                                        **HUDSON, MALLANEY, SHINDLER
                                                        & ANDERSON, PC**
                                                        5015 Grand Ridge Drive, Suite 100
                                                        West Des Moines, Iowa 50265-5749
                                                        Telephone: (515) 223-4567
                                                        Facsimile: (515) 223-8887
                                                        E-mail: jbgoplerud@hudsonlaw.net

                                                        Alan L. Rosca (*pro hac vice*)
                                                        **PEIFFER, ROSCA, ABDULLAH,
                                                        CARR & KANE, LLC**
                                                        526 Superior Avenue, Suite 1255
                                                        Cleveland, Ohio 44114
                                                        Telephone: (216) 570-0097
                                                        Facsimile: (888) 411-0038
                                                        E-mail: arosca@praclawfirm.com

                                                        Joseph C. Peiffer (*pro hac vice*)
                                                        Daniel J. Carr (*pro hac vice*)
                                                        **PEIFFER, ROSCA, ABDULLAH,
                                                        CARR & KANE, LLC**
                                                        201 St. Charles Avenue, Suite 4610
                                                        New Orleans, Louisiana 70170
                                                        Telephone: (504) 523-2434
                                                        Facsimile: (504) 523-2464
                                                        E-mail: jpeiffer@praclawfirm.com
                                                        E-mail: dcarr@praclawfirm.com

                                                        *Attorneys for Plaintiff and the Proposed
                                                        Class*