# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JON HANSON and JAMES DeMARTINI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BERTHEL FISHER & COMPANY FINANCIAL SERVICES, INC.,<br><br>Defendant,<br><br>v.<br><br>THOMPSON NATIONAL PROPERTIES, LLC, TNP 2008 PARTICIPATING NOTES PROGRAM, LLC, and ANTHONY W. THOMPSON,<br><br>Third-Party Defendants. | No. 13-cv-67-LRR<br><br><br><br><br><br><br><br>**JUDGMENT AND FINAL ORDER APPROVING SETTLEMENT** |

This matter came for hearing on September 15, 2015 (the "Settlement Hearing") on the application of the Settling Parties to determine (1) whether the terms and conditions of the Stipulation of Settlement (the "Stipulation of Settlement") between the Class Representatives (Jon Hanson and James DeMartini), Defendant (Berthel Fisher & Company Financial Services, Inc.), and Third-Party Defendants (TNP 2008 Participating Notes Program, LLC, Thompson National Properties, LLC and Anthony W. Thompson, individually) dated June 1, 2015 are fair, reasonable, and adequate, and should be

approved; (2) whether a final judgment should be entered (a) dismissing the Third Amended Class Action Complaint (along with any predecessor versions, the "Complaint") on the merits and with prejudice in favor of Defendant, and as against Settlement Class Members; and, (b) releasing the Released Claims as against Defendant. The Court, having not received any objections to the proposed settlement, having considered all matters submitted to it at the Settlement Hearing and otherwise, and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as members of the Settlement Class;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This Judgment hereby incorporates by reference the definitions in the Stipulation of Settlement.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court hereby affirms its findings in its Order Concerning Proposed Settlement With Defendants, dated June 10, 2015 (the "Preliminary Order"), that for purposes of the Settlement only, the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court further affirms its determinations in the Preliminary Order

and finally certifies, for purposes of the Settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), that the Action shall proceed, for purposes of the Settlement only, as a class action on behalf of all persons and entities that purchased or otherwise acquired securities issues by the Program between September 2008 and March 2010 and who were damaged thereby ("Settlement Class"). Excluded from the Settlement Class are (1) any judge or judicial officer who may hear any aspect of this case and his or her law clerks; and (2) Defendant, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant. Also excluded from the Settlement Class are any persons or entities that timely and validly requested exclusion from the Settlement Class as listed on the attached Exhibit A.

5. Pursuant to Federal Rule of Civil Procedure 23, for purposes of the Settlement only, this Court affirms its findings in the Preliminary Order that the Class Representatives are adequate class representatives and finally certifies Jon Hanson and James DeMartini as Settlement Class Representatives.

6. Having considered the factors described in Federal Rule of Civil Procedure 23(g), the Court hereby appoints the law firms of Peiffer Rosca Wolf Abdullah Carr & Kane, A Professional Law Corporation and Hudson Mallaney Shindler & Anderson, PC as Class Counsel.

7. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to potential Settlement Class Members in accordance with the Court's Preliminary Order. The form and method of notifying potential Settlement Class Members of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of all applicable law, including but not limited to Federal Rule of Civil Procedure 23, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and the Constitution of the United States, and constituted the best notice practicable under the circumstances.

8. Pursuant to and in compliance with Federal Rule of Civil Procedure 23, the Court hereby finds that due and adequate notice of these proceedings was directed to all potential Settlement Class Members, advising them of the Settlement, of Class Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and that a full and fair opportunity was accorded to all such potential Settlement Class Members to be heard with respect to the foregoing matters, or to exclude themselves from the Settlement Class and the Settlement. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment.

9. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement as set forth in the Stipulation of Settlement, and finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement embodied in the Stipulation of Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation of Settlement.

10. The Action, the Complaint, and the claims asserted therein by Class Representatives are hereby dismissed with prejudice against Defendant and Third-Party Defendants and without costs except for the payments expressly provided for in the Stipulation of Settlement.

11. Upon the Effective Date, each of the Class Representatives and all other Settlement Class Members release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Released Claim against each and all of the Released Parties with prejudice, and shall forever be enjoined from prosecuting any or all Released Claims against any Released Party.

12. The Court reserves jurisdiction over, without affecting in any way the

finality of this Judgment, (a) implementation and enforcement of the Settlement; (b) approval of a plan of allocation; (c) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (d) disposition of the Settlement Fund; (e) hearing and determining Class Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and the Plaintiffs' Service Awards; (f) the enforcement and administration of this Judgment; (g) the enforcement and administration of the Settlement, including any releases made in connection with the Settlement; and (i) any other matter related or ancillary to the foregoing.

13. A separate order shall be entered regarding the Class Representatives' Application for Attorneys' Fees and Expenses and Plaintiff Service Awards. This Order shall not disturb or affect any of the terms of this Judgment.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement, and shall be vacated to the extent provided by the Stipulation of Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement; (b) the fact of the Settlement shall not be admissible for any purpose and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in this Action as of May 31, 2015; and (c) the Settlement Amount plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually and reasonably incurred and paid or payable, shall be returned in full on a pro rata basis to the parties that contributed such funds.

15. Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

16. There is no just reason for delay in the entry of this Judgment and

immediate entry by the Clerk of the Court is expressly directed.

In light of the foregoing, the Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 16th day of September, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA